SHEPHERD v. LITTLE ROCK.

Opinion delivered February 16, 1931.

*Troy W. Lewis* and *W. R. Donham,* for appellant.

*Linwood L. Brickhouse,* for appellee.

MEHAFFY, J.   The appellants are residents of the city of Little Rock, and are engaged in the general practice of law in said city.   They failed to pay the city privilege tax imposed by ordinances 2568, 2594 and 2670. Warrants were issued for the arrest of appellants, and appellants thereupon filed their complaint in the chancery court attacking the constitutionality of said ordinances and a temporary restraining order was issued.

Appellees filed answer denying the allegations of the complaint, and upon final hearing, the following stipulations were introduced in evidence:

"It is expressly stipulated and agreed that the oral testimony of witnesses in this action may be taken in open court, before the Honorable Frank H. Dodge, Chancellor, and reported in shorthand by S. H. Atkinson, the official stenographer of said court, which testimony, together with the exhibits thereto, may be transcribed and certified by the said official stenographer of said court, submitted to the chancellor for examination and approval within six months of the date of the decree herein, and, when so approved by the chancellor, filed as depositions and as a part of the record in this action."

"It is also agreed that exceptions are saved to the admission of any and all testimony that any party hereto may consider incompetent, irrelevant or immaterial, whether objection thereto is raised by such party or not, or exception specifically noted of record."

"It is also agreed that all of the plaintiffs herein named have been arrested under warrants issued by the city of Little Rock pursuant to the provisions of ordinances numbered 2568 and 2670; that, unless enjoined, the city will continue the prosecution of the said plaintiffs in the Little Rock Municipal Court."

"It is further agreed that all the plaintiffs herein named are citizens and residents of the city of Little Rock, Arkansas, and engaged in the general practice of law in said city."

H. A. Knowlton testified that he is city clerk and custodian of the records of the city; had before him the record of ordinance No. 2568, which is recorded in the ordinance record No. 27 at pages numbered 166 to 169, inclusive. This ordinance was passed June 23, 1919, and, so far as witness knows, has never been repealed.

It was here agreed that ordinance No. 2568, No. 2594 and No. 2670 be considered in evidence. Witness had nothing to do with the collection of money under these ordinances, but knows that the money is placed in the general revenue fund of this city and used for various purposes.

James Lawson testified that he is the city collector and has been for 19 years; was city collector when the ordinances were passed. Witness makes collections under these ordinances and collects from all attorneys practicing in the city; collects from those attorneys in the trust departments in banks, who file suits in the court. Witness knows J. B. Webster, who is a trust officer in the American Exchange Bank and has collected privilege taxes from him but does not know whether he has this year; collects from all attorneys engaged in the practice to the best of his knowledge and belief. Witness reported those delinquent; all that were delinquent for the last or first part of this year for the full year; they became delinquent on the first of January for the year 1930; does not remember how many he reported; not very many, not more than 25. Warrants were issued, and witness

gave instructions to order them in; instructed the inspectors to order all in who had not paid their license. Witness did not say to issue warrants; that was not under his authority. Under the ordinance payments may be in two installments.

Upon final hearing the chancery court held the ordinances valid, dissolved the temporary restraining order, dismissed the complaint for want of equity, and the case is here on appeal. The correctness of the decision of the trial court depends upon whether or not the ordinances mentioned are valid.

Appellants first contend that the ordinances are violative of § 23 of article 5 of the State Constitution. That section reads as follows: "No law shall be revised, amended or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length."

Appellants cite and rely on two cases which they say show that ordinance 2670 is violative of the requirements of the above section of the Constitution, and that the ordinance is therefore void.

The first case relied on is *Grable* v. *Blackwood,* 180 Ark. 311, 22 S. W. (2d) 41. The court in that case had under consideration an act of the Legislature, and in answer to the contention that the act was unconstitutional because it violated the provisions of article 5, § 23, of the Constitution, the section here involved, the court, among other things, said: "The framers of the Constitution meant only to lay a restraint upon the Legislature where the bill was presented in such form that the members could not determine what its provisions were from an inspection of it. Here no confusion would result to the Legislature in the premises. Both statutes were passed at the same session of the Legislature, but it is apparent from reading them that act 18 and act 153 are original statutes in form, and complete in themselves. The two statutes are separate and distinct legislative

enactments, and each had its appointed sphere of action. No alteration, change or repeal of the one would affect the other. We are of the opinion that an act complete in itself, and which would not mislead the members of the Legislature is not within the evils to be remedied by the provisions of the Constitution, and cannot be held to be prohibited by it without violating its plain intent.''

Ordinance 2670 we think is an act complete in itself and that it would not mislead anybody. The title of the ordinance is: ''An ordinance prescribing and fixing the licenses for the carrying on of certain businesses, professions and occupations, defining and classifying the same and prescribing the amount thereof, fixing the time when such licenses shall be paid, the penalty for nonpayment, and for other purposes.''

Section 1 of this ordinance provides that the license fee shall be paid before the businesses or professions are carried on in the city. This section further provides that every person, firm, corporation, or individual engaged in the business, profession, or occupation enumerated shall pay for and take out such license and pay therefor such sums as are herein provided, to-wit: ''*ATTORNEYS*—Each person, or, where a partnership, each member of the firm * * * $25.''

It is contended, however, by the appellants that it is necessary to refer to other ordinances because ordinance 2670 is silent on the question of the various amounts to be assessed, and that the decision of this court in *State Highway Commission* v. *Otis & Co.,* 182 Ark. 242, 31 S. W. (2d) 427, decided September 30, 1930, supports the contention of appellants that ordinance 2670 is violative of the above section of the Constitution. The court in that case said: ''The grounds upon which the constitutionality of the act is here attacked are the same as those which were considered and determined by the court in the case of *Grable* v. *Blackwood, supra.*''

The court also said: ''The constitutional provision applies where the act is strictly amendatory or revision-

ary in its character. Its prohibition was intended to prevent the amendment or revision of an act by its additions or other alterations which, without the presence of the original act, are confusing or unintelligent. * * * A full, clear and comprehensive statement of the principles of law relating to such provisions of a Constitution was made in *People* v. *Banks,* 67 N. Y. 568. In an elaborate opinion prepared by Mr. Justice ALLEN, it was said: 'It is not necessary, in order to avoid a conflict with this article of the Constitution, to re-enact general laws whenever it is necessary to resort to them to carry into effect a special statute. Such cases are not within the letter or spirit of the Constitution, or the mischief intended to be remedied. By such a reference the general statute is not incorporated into or made a part of the special statute.' * * * There is no evil of this or of any nature to be apprehended by the mere reference to other acts and statutes for the forms of process and procedure, for giving effect to a statute otherwise perfect and complete.''

It is urged that the ordinance is imperfect, in that it refers to another ordinance to establish the sum or tax to be paid. Certainly there could be no evil in this manner of passing the ordinance. There could be no confusion about it. It expressly refers to the ordinance which fixes the tax, and that can be as easily ascertained as it could be if the ordinance occupied several pages and one would have to read through the several pages to find out the amount of tax fixed. Here the ordinance expressly states with reference to certain taxes that they shall pay the same licenses as provided in ordinance 2636, passed December 8, 1919. All one would be required to do to find out what the fee was would be to turn to this ordinance, and, if one could find ordinance 2670, he could as easily find ordinance 2636. The ordinance under consideration also provides that the licenses shall be collected, but at periods and in the manner provided by ordinance 2568, passed June 3, 1919, and further pro-

vides that all administrative provisions of 2568 shall be applicable to this ordinance. *Watkins* v. *Eureka Springs*, 49 Ark. 131, 4 S. W. 384; *Common School District* v. *Oak Grove Special School District*, 102 Ark. 411, 144 S. W. 224; *State* v. *McKinley*, 120 Ark. 165, 179 S. W. 181; and *Farris* v. *Wright*, 158 Ark. 519, 250 S. W. 889.

Constitutional provisions are construed in the same manner as statutes.

"The rules of construction applicable to statutes ordinarily apply with equal force to Constitutions or amendments thereof, though some courts hold to even more restricted rules in the construction of provisions of the organic law." * * * The court therefore should constantly keep in mind the object sought to be accomplished by its adoption and the evil, if any, sought to be remedied." *Carter* v. *Cain*, 179 Ark. 79, 14 S. W. (2d) 250; Cooley's Constitutional Limitations, vol. 1, p. 124; 12 C. J. 700.

We are of the opinion that neither the letter nor the spirit of the constitutional provision above is violated by the ordinance. The ordinance does not undertake to revise or amend the provisions of another ordinance, or extend or confer the other ordinance by reference to its title only.

As a general rule, constitutional provisions, like the one under consideration, are intended to prohibit the Legislature or law-making power of the State from enacting laws contrary to the provision of the Constitution, and have no application to municipal ordinances.

"These constitutional provisions, which ordinarily refer to the title and subject of every act, bill, or law, are usually found in the parts of the Constitutions which relate to the legislative departments of the State, and for this reason, as well as because of their terms, are ordinarily applicable only to statutory enactments of the Legislature. They have no application to municipal ordinances." 25 R. C. L. 839.

Constitutional provisions such as the one under consideration, apply only to State legislation and not to municipal ordinances. 19 R. C. L. 815; In re *Haskell,* 112 Cal. 412, 44 Pac. 725, 39 L. R. A. 527.

The constitutional provision now under consideration is in that part of our Constitution which relates to the legislative department of State. The first section provides that the legislative powers of this State shall be vested in a General Assembly which shall consist of the Senate and the House of Representatives. This is the same article in which is found § 23 that it is claimed the ordinance violated.

This article, which says that the powers to make laws or legislative powers are vested in the General Assembly, discusses laws and the manner in which they shall be enacted, and § 23 herein involved is a part of the article which discusses the manner in which laws may be enacted by the Legislature, and it has no reference to municipal ordinances. It does not mention municipal ordinances. If it had been the intention of the framers of the Constitution to include municipal ordinances in this section, we think they would have so stated. In fact, in other sections of the Constitution municipalities are mentioned.

Section 1 of article 16 of the Constitution provides that neither the State, city, county, town, or other municipality shall lend its credit or issue any interest bearing evidences of indebtedness. In § 4, article 12, of the Constitution, municipal corporations are mentioned, and it is provided that they shall not pass any law contrary to the laws of the State nor levy a tax in excess of the amount named, etc.

Constitutions, as we have held many times, are construed like statutes, and the purpose in construction is to ascertain the intention of the people who adopt it. In order to do this, we do not take one section alone and consider it as if that were the whole Constitution, but we consider all sections that have any bearing on or relation to the one under consideration.

"In deciding this question we have in mind the settled rule of construction that a statute must be read as a whole to ascertain its meaning, and courts must give effect to the meaning of the statute as thus ascertained, and in the discharge of this duty courts are frequently required to eliminate or to substitute words for those employed by the Legislature." *Indian Bayou Drainage Dist.* v. *Dickie,* 177 Ark. 728, 7 S. W. (2d) 794.

When this is done, we think it clearly appears that this provision of the Constitution has no application to municipal ordinances.

Under these rules, in construing the section of the Constitution involved we must consider the whole article, and it is plain that the makers of the Constitution had in mind and were dealing with the subject of laws enacted by the General Assembly. Besides, as we have already seen, where the framers of the Constitution intended a provision to apply to municipal corporations, they used the word "municipality."

It is next contended by the appellants that the ordinances violate § 16 of article 2 of the State Constitution and § 1, article 1, of the United States Constitution.

It is contended that the section violates these provisions of the Constitution because the ordinance says the license fee imposed shall be a debt due to the city of Little Rock.

The provision of the State Constitution relied on is as follows: "No person shall be imprisoned for debt in any civil action, or mesne or final process, unless in cases of fraud." Certainly, there could be no imprisonment in this case for debt in a civil action.

The ordinance provides for the payment of the license by every lawyer before carrying on the business or profession in the city of Little Rock, and punishes as a misdemeanor any one who violates the provisions of this ordinance by carrying on any business or engaging in the practice of law without paying the license.

"The power to tax attorneys at law, as in the case of occupation or license taxes generally, includes the power to compel the payment of such tax as a condition precedent to entering on or practicing such occupation, and the power to impose a fine or imprisonment as punishment for nonpayment of such tax is incident to the power to levy it. Provisions for the prosecution and punishment of those practicing law without paying for and taking out the required license are usually found in the statute or ordinance imposing the tax. In some jurisdictions an action at law will lie against an attorney at law to compel the payment of his occupation tax." 2 R. C. L. 951, § 20.

This court said in discussing an ordinance similar to the one here involved: "The requirement of the payment of the tax for the exercise of the privilege of pursuing an occupation and the imposition of a fine or other punishment for pursuing the business without having first paid the tax is a mere method of enforcing payment, and it clearly falls within the power of the taxing authority." *Davies* v. *Hot Springs*, 141 Ark. 521, 217 S. W. 269.

We do not think the section of the United States Constitution has any application.

Appellant next contends that the ordinances violate § 11 of article 16 of the Constitution, which reads as follows: "No tax shall be levied except in pursuance of the law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose."

We think this section has no application to municipal ordinances. This section is found in the article of the Constitution on finance and taxation. A number of sections in this article refer specifically to counties and municipalities, and, when the whole article is considered as it must be in order to arrive at a proper interpretation

of the section involved, we think it clear that this section does not apply to municipal corporations.

What we have said above as to article 5 of § 23 applies here.

Ordinances of this character have been upheld so often that we do not deem it necessary to extend this opinion by a further review of authorities.

The decree of the chancery court is affirmed.