People of the State of Illinois ex rel. Daniel P. Ward, State's Attorney of Cook County, Illinois, Plaintiff-Appellee, v. Edward V. Tomek, et al., Defendants-Appellants.

Gen. No. 49,546.

First District, Second Division.
October 13, 1964.
Rehearing denied January 28, 1965.

McDonnell & McDonnell, of Chicago (Bernard J. McDonnell, Sr., of counsel), for appellants.

Daniel P. Ward, State's Attorney, of Chicago (Edward J. Hladis, Chief of Civil Division, and Thomas A. Hett, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from an order of ouster entered in the Circuit Court of Cook County on December 16, 1963.

All the appellants here were officers of the Township of Stickney. One was clerk of the Township, two were members of the board of auditors, and two were township highway commissioners. On July 15, 1963, these five appellants, along with one other who is not a participant in this appeal, were convicted in the Criminal Court of Cook County, Illinois, of violating Chapter 38, Section 139, Ill Rev Stats 1961, to wit: Conspiracy to cheat and defraud the Township of Stickney and of Common Law Conspiracy.

On August 6, 1963, the People of the State of Illinois, on the relation of the State's Attorney of Cook County, Illinois, filed its complaint in quo warranto, naming these appellants and requesting that an order of ouster from the above-mentioned offices be entered. The complaint alleged that the offices held by each, being offices of trust or profit of the Township of Stickney were automatically vacated by the defendants' convictions, said convictions being of infamous crimes or offenses involving a violation of official oaths of office.

The appellants filed a motion to dismiss the complaint, which motion was denied by the court below. Subsequently, on November 15, 1963, the appellants filed their answer to the complaint, admitting that the defendants were elected to their respective offices; that the defendants were convicted of the offenses previously described; that Article IV, Section 4 of the Illinois Constitution provides that a person convicted of an infamous crime shall be ineligible to any office or profit or trust in this State; that the offices to which defendants were elected were offices of trust or profit of the Township of Stickney: and that Chapter 46, Section 25–2, Ill Rev Stats 1961, provides that every elective office shall become vacant upon conviction of the office holder of an in-

famous crime or of any offense involving a violation of official oath. The appellants denied in their answer that conspiracy is an infamous crime so as to work forfeiture of office and also denied that a conviction of conspiracy constitutes a violation of the oath of office.

The State filed a motion for summary judgment which the court below granted on December 16, 1963, and at that time the court ordered that the appellants be ousted from office. A timely appeal has been brought to this court for review of this order.

The appellants urge two points to this court: first, that a conspiracy by officials to defraud the governmental body of which they are officers does not constitute an infamous crime, and second, that such a conspiracy is not a violation of the oath of office. We believe that the order of ouster can be sustained against both these attacks.

The conspiracy of these men to defraud the Township of Stickney is an infamous crime.

The appellants argue that only felonies can be infamous crimes. This is clearly not true. The test of what is a felony and what a misdemeanor in this State is set forth in People v. Bain, 359 Ill 455 at page 470, 195 NE 42:

> "When an offense may be punished by imprisonment in the penitentiary, or by fine only, or by incarceration in the penitentiary and by fine, in the discretion of the court or jury, the offense, under the statute is not a felony, but a misdemeanor."

To the same effect, see People v. Spector, 28 Ill2d 554 (1963) under that test at this moment, bigamy, bribery, forgery, kidnapping, perjury and subordination of perjury are misdemeanors under the Illinois Criminal Code, 38 Ill Rev Stats 1963, Section 2-7, 11-

200

2, 33–1, 17–3, 10–1, 32–2 and 32–3. At the same time, they are listed as infamous crimes under the Illinois Code of Criminal Procedure, 38 Ill Rev Stats 1963, Section 24–1. Infamy and felony certainly are not now synonymous, nor is there authority that they were synonymous before these new acts.

The appellants claim that since the legislature in considering the new Illinois Code of Criminal Procedure, 38 Ill Rev Stats 1963, specifically rejected the crime of conspiracy while listing infamous crimes, the court should not take it upon itself to declare these appellants' crimes to be infamous.

In People ex rel. Keenan v. McGuane, 13 Ill2d 520, 150 NE2d 168 (1958) the appellant, a county assessor, had been convicted in a Federal District Court of conspiracy to evade, and the evasion of personal and corporate income taxes. There too, the appellant claimed he had not been convicted of an infamous crime within the meaning of Article IV, Section 4 of the Illinois Constitution, or within the meaning of Chapter 46, Section 25–2, Ill Rev Stats, 1961. In a lengthy opinion, Mr. Chief Justice Davis wrote at pages 532, 533:

"While we held in Christie v. People, 206 Ill 337, and in People v. Russell, 245 Ill 286, cases not involving a vacancy in office by operation of law, that whether a crime is infamous in this State depends not upon the common law but upon the statute, we find that not only the constitutionally infamous crime of bribery, but other heinous felonies such as abortion, abduction, sexual crimes against children, inducing females to enter houses of prostitution, poisoning, and receiving stolen property, are not declared infamous by section 7 of division II of the Criminal Code. . . . The statutory enumeration likewise

fails to include treason, misprision of treason, espionage and other equally serious crimes, the infamy of which needs no citation of authority. Bribery involves moral turpitude and was an infamous crime at common law when the constitution was adopted in 1870 . . . . And it is probable that the other heinous crimes above listed were likewise then so regarded. 'An infamous crime at common law was an act, the commission of which was inconsistent with the commonly accepted principles of honesty and decency, or one which involves moral turpitude.' (14 ILP Crim Law, chap 2, sec 22, p 484.) Under these circumstances, we conclude that the determination of what constitutes an infamous crime, insofar as it effects a vacancy in office is not an exclusive legislative function, but is subject to judicial decision in the light of the common law as it existed when the constitution was adopted in 1870."

■ The determination of what is an infamous crime is not an exclusively legislative function insofar as it affects a vacancy in office. When the legislature listed the infamous crimes in the Code, it left .to the courts under the authority of People ex rel. Keenan v. McGuane (supra), the opportunity to declare that other crimes under various circumstances might also be classed as infamous. In effect this court is faced with the same problem as the Supreme Court faced in the Keenan case. The crime in question is not specifically declared to be infamous, but in view of the conduct expected of one in public office the court considered the act to be an infamous one, under the common law prior to 1870. The test used by the Supreme Court in determining the common law was that of ordinary honesty and decency.

202

Surely the appellants' conduct violates those standards.

■ The appellants also argue that this case applies only where the public official has been convicted of a felony. It is true that in this particular case the county assessor had been convicted of a felony, but the rational of the decision seems much broader than the interpretation the appellants put on it. When determining whether there is a vacancy in office due to the conviction of the officeholder of an infamous crime, the test set forth by the Supreme Court is whether or not the act violated the "commonly accepted principles of honesty and decency." The strict holding of the case deals with only felonies, that is true; but it is true only because a strict holding can deal only with the case before the court at moment. While it is true that State ex rel. Keenan v. McGuane has never before been extended to include a misdemeanor, no court has ever been asked to extend it in such a way before now. Without determining whether any conspiracy to defraud will constitute an infamous crime, we hold that in a case such as this, where public officers conspire against the political unit of which they are officials, the crime is infamous for the purposes of determining whether a vacancy has occurred under the Illinois Constitution and under the Election Code.

■ We also hold that the appellants violated their oaths of office. This is a question of the first instance in this State. The problem is this: did these men, officials of the Township of Stickney, violate their oaths of office when they conspired to defraud that Township? The oath reads as follows:

"I do solemnly swear (or affirm as the case may be) that I will support the constitution of the United States and the constitution of the State

of Illinois, and that I will faithfully discharge the duties of the office of—according to the best of my ability." (Illinois Constitution, Article 5, section 25.)

Even without authority, it seems clear that the oath has been violated. Although one might have great difficulty picking any word or phrase which would be a key to finding the violation, we feel that every oath taken by a public official implies that he will refrain from conduct such as that in which the appellants here participated. The appellants cannot come before this court and say they never promised not to defraud the Township. Such a basic principle of conduct is implied in the very nature of democracy. The court does not need a citation for common sense.

It does not matter whether these men or any of them were actively participating in a scheme to defraud or whether some of them were merely aware of the conspiracy, but took no part in it. Each had a duty not only to refrain from trying to cheat the Township, but also to prevent others from doing so.

The appellants claim that they raised an issue of fact below in their answer and that a summary judgment was therefore improper. We disagree. The only contentions they raised below went to the legal significance of given facts.

The order is therefore affirmed.

Order affirmed.

BURKE, P. J. and FRIEND, J., concur.