Mr. Paul D. Selby, Chairman Ashley County Board of Election Commissioners 100 N. Cherry, P.O. Box 111 Hamburg, Arkansas 71646-0111
Dear Mr. Selby:
This is in response to your request for an opinion on the eligibility of a candidate to run for the office of sheriff. Specifically, you indicate that James Robinson, a former Ashley County Sheriff, plans to once again seek that office. During Mr. Robinson's previous tenure, he resigned after being charged with violating the civil rights of an allegedly mentally retarded individual. You indicate that Mr. Robinson accepted a plea bargain and pled guilty to a reduced misdemeanor charge, and served a few months in federal prison. You state that it is your understanding that because the conviction was a misdemeanor, Mr. Robinson is still eligible to run for the office of sheriff. You have asked that I confirm this conclusion.
I must note initially, in response to your question, that only a court faced with this question could definitively resolve it. A county board of election commissioners does not have the authority to remove a candidate's name from the ballot. Mandamus coupled with a declaratory judgment is the appropriate remedy.State v. Craighead County Board of Election Commissioners,300 Ark. 405, 779 S.W.2d 169 (1989).
That being said, it is my opinion that the issue you have posed is not entirely clear under Arkansas law. Both a statute and a constitutional provision are relevant to the issue. The relevant statute is A.C.A. § 7-6-102. It provides for the filing of "political practice pledges" by candidates for county offices, and requires each such candidate to pledge that they have "never been convicted of a felony in Arkansas or in any other jurisdiction outside of Arkansas." A.C.A. § 7-6-102(b). Emphasis added. This statute only applies to felonies, and thus Mr. Robinson could make this pledge, as he has not been convicted of a felony.
The more difficult question arises under Arkansas Constitution, art. 5, § 9, which provides as follows:
 No person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime shall be eligible to the General Assembly or capable of holding any office or trust or profit in this State.
This provision does not refer to "felonies," but rather to the specific crimes enumerated and to other "infamous crimes." It has been made clear, however, that any felony will suffice to disqualify one from holding public office. See Powers v.Bryant, 309 Ark. 568, 832 S.W.2d 232 (1992), (stating that "[t]his constitutional provision prohibits convicted felons from `holding any office or trust or profit in this state.'") The court has never had occasion to determine, however, whether the prohibition would also apply to any type of misdemeanor conviction. Cf. Campbell v. State 300 Ark. 570, 781 S.W.2d 14
(1989).
It is clear that Mr. Robinson's conviction does not involve embezzlement of public money, bribery, or forgery. Our analysis must therefore focus on whether the crime for which he was convicted is an "other infamous crime." This term has never been defined by an Arkansas appellate court. The term was, however, discussed in Op. Att'y Gen. 90-331. In that Opinion, the definition of the term in Black's Law Dictionary (5th Ed. 1979), was cited as follows:
 A crime which entails infamy upon one who has committed it. The term `infamous' — i.e., without fame or good report — was applied at common law to certain crimes, upon the conviction of which a person became incompetent to testify as a witness, upon the theory that a person would not commit so heinous a crime unless he was so depraved as to be unworthy of credit. The crimes are treason, felony, and the crimen falsi. . . . It is not the character of the crime but the nature of the punishment which renders the crime `infamous.' Whether an offense is infamous depends on the punishment which may be imposed therefor, not on the punishment which was imposed.
Black's supra., at 335.
The term "crimen falsi" is defined by Black's as "crimes in the nature of perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense which involves some element of deceitfulness, untruthfulness, or falsification bearing on witness' propensity to testify truthfully. Black's supra., at 335.
Cases from other jurisdictions have differing interpretations of the term "infamous crime," (See, e.g., In re Petition ofHughes, 516 Pa. 90, 532 A2d 298 (1987), and Weir v. Peterson,369 A.2d 1076 (Del. 1976).) At least one court has held that it can be defined as including misdemeanors which involve public officials conspiring against the political subdivision which they serve. See Ward v. Tomek, 54 Ill. App. 2d 197, 203 N.E.2d 744
(1965).
The first rule of statutory construction, however, which also applies in construing constitutional provisions, it to construe language just as it reads, giving words their ordinary meaning in common usage. Bob Cole Bail Bonds, Inc. v. Howard,307 Ark. 242, 819 S.W.2d 274 (1991), and Shepherd v. City of LittleRock, 183 Ark. 244, 35 S.W.2d 361 (1931).
It is my opinion in light of all of the foregoing, that art. 5, § 9 of our Constitution renders ineligible for public office any person convicted of embezzlement of public money, bribery, or forgery, whether or not the conviction is a misdemeanor or a felony. It also renders ineligible anyone convicted of a felony, no matter the nature of the crime. See Powers v. Bryant,supra. In my opinion, additionally, the provision renders ineligible any person convicted of a misdemeanor, if the misdemeanor is one which involves deceitfulness, untruthfulness, or falsification, because in these cases the misdemeanor will constitute an "infamous crime."
Applying this conclusion to the facts you have presented leads to the conclusion that Mr. Robinson is eligible to run for the office of county sheriff. He has not been convicted of embezzlement of public money, bribery, or forgery, and his misdemeanor conviction does not involve an element of deceitfulness, untruthfulness, or falsification.
Of course, only a court could definitively resolve the issue, in a proceeding brought by an individual with standing to sue.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh