The Honorable Gordon Webb Prosecuting Attorney Fourteenth Judicial District P.O. Box 483 Harrison, AR 72602-0483
Dear Mr. Webb:
I am writing in response to your request for my opinion on the following question:
 Does the County Judge have the authority to use appropriated funds from the Road and Bridge portion of the budget to purchase a vehicle and then allow a non-Road and Bridge employee of the County to drive the vehicle?
You report that for some 10-20 years, it has been the practice of the county judge of Baxter County to pay for his official vehicle using funds drawn from the county's Road and Bridge Fund (the "Fund"). Until recently, when the county judge replaced his official vehicle, he passed down the old vehicle to an employee of the Office of Emergency Management ("OEM"), which is not a part of the County Road and Bridge Department (the "Department"). The county judge has now adopted the practice of using Fund assets to directly purchase an official vehicle for this OEM employee. You have not indicated what the current policy is regarding the county judge's own old official vehicle when he buys a new one. You indicate that the county judge defends the current policy as follows: (1) the vehicle is still part of the Department's inventory and he could reassign it to a Department employee if he chose to; (2) the OEM employee as a major part of his official duties works very closely with the Department in the area of hazard mitigation for emergencies and doing road assessments during severe weather; and (3) over $800,000 of the county's Road and Bridge budget comes from general funds placed in that part of the budget, so that he did not feel he was spending the 3 mill road tax money which is set aside for road use only.
RESPONSE
Although your request involves factual issues I am unauthorized and unable to address, in my opinion using appropriated Fund revenues to purchase a vehicle used for any purpose other than one described in the appropriation would violate the provisions of Ark. Const. art XVI, § 12.
Your request in some respects resembles one addressed in the attached Ark. Op. Att'y Gen. No. 99-311, in which I concluded that it was unconstitutional for a county judge to purchase an official vehicle using funds realized from a sales and use tax levied to finance a solid waste management system. At issue in my previous opinion was the effect of Ark. Const. art. XVI, § 11, which provides:
 No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
The situation you describe in Baxter County differs from that addressed in Opinion 99-311 primarily in that the Fund does not comprise taxes levied exclusively for road and bridge construction and repair, consisting rather of tax proceeds levied for general purposes and then appropriated by the quorum court for road and bridge purposes.[1] Your request consequently does not implicate article XVI, § 11 of the Constitution. I gather that the county judge has made allowances from these appropriated funds to purchase vehicles for himself and for the OEM employee. The question, then, is whether this practice is permissible.
I am attaching hereto Ark. Op. Att'y Gen. No. 2000-064, which analyzes the constitutional and statutory relationship between the quorum court and the county judge in the process of appropriating and allocating tax revenues. As reflected in my previous opinion, which I will not reproduce here, since the adoption of Ark. Const. amend. 55 and the enactment of A.C.A. § 14-14-904, the power to levy taxes and to appropriate revenues lies exclusively in the quorum court. Moreover, Article XVI, § 12 of the Arkansas Constitution dictates that "[n]o money shall be paid out of the treasury until the same shall have been appropriated by law, and thenonly in accordance with said appropriation" (emphasis added). It follows that the county judge lacks authority to make any allowances out of the Fund that do not strictly serve the purposes defined by the quorum court in appropriating the Fund revenues. Only if the quorum court were to reappropriate these revenues for some other purpose, which would be perfectly unobjectionable if the funds were levied for general purposes, could the county judge allocate these funds for anything other than the uses defined in the original appropriation.
Applying these principles will involve making factual determinations I am neither authorized nor equipped to offer. I am unaware, for instance, of the precise terms of the appropriation, which leaves me unable to opine whether the OEM employee's activities fall within the appropriation's scope. However, even if they do, unless the vehicle is used exclusively for road and bridge activities, I do not believe it can permissibly be purchased using Fund assets. At most, the county judge could encroach on the Fund to defray over time those mileage- and depreciation-related expenses attributable to road and bridge activities, and only then if supported by a properly documented annual accounting. The pertinent question is whether the vehicle will be used exclusively for activities falling within the scope of the appropriation. If not, article XVI, § 12 bars purchasing the vehicle using Fund revenues, and any such purchase would be subject to challenge as an illegal exaction pursuant to Ark. Const. art. XVI, § 13.
Finally, in my opinion there is no significance in the fact that the OEM employee's vehicle "is still part of the Road and Bridge inventory." The relevant inquiry is not how the books are kept, but how appropriated funds are actually used.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures
[1] Notwithstanding the language of article XVI, § 11, it is well established that a tax enacted or approved by the people without a statement of purpose is valid and may be appropriated for any general purpose. Western Foods, Inc. v. Weiss, 338 Ark. 140, 150-51,992 S.W.2d 100 (1999); accord Oldner v. Villines, 328 Ark. 296, 305,992 S.W.2d 100 (1997). Only when a tax designated for a particular purpose is diverted to another purpose does an illegal exaction occur under Ark. Const. art XVI, § 13.