The Honorable Randy W. Stewart State Representative Post Office Box 23 Kirby, AR 71950
Dear Representative Stewart:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
Would it violate Arkansas law for the Pike County Quorum Court to authorize an advance on anticipated revenue from a recently passed 3/8 cent local sales tax to the Pike County Hospital for operating expenses?
You indicate in your request that "[t]he hospital needs this advance for operating expenses until the revenue stream takes effect in late April or May of this year."
My inquiries reveal that Pike County voters, in a special election conducted on December 12, 2006, approved the tax by a 3 to 1 margin to support continued operation of the hospital, which had fallen on hard times both because its lone resident physician temporarily retired and because the Mercy Medical Clinic of St. Joseph's Hospital in Hot Springs decided to withhold its previous support. Freeman Henderson, Murfreesboro Diamond: 81-year-old Doctor Keeps Hospital Open, The Nashville News, February 15, 2007.
Although you describe the tax as a "3/8 cent local sales tax," the above referenced newspaper article refers to a "3/8 mill tax to keep the hospital open." A "mill" is one-thousandth, not one-hundredth, of a dollar, and tax millages are normally imposed on real property, not on sales. In this regard, I will note that Ark. Const. amend. 32 expressly authorizes dedicating revenues from an ad valorem property tax to the operation of a county hospital, irrespective of whether the hospital is operated by a public or a private entity. The hospital administrator informs me that the hospital has been supported by a 1-mill property tax since the 1980's. With respect to the tax at issue in your request, I have obtained a copy of the levying ordinance and ballot title, which reflect that the tax is not a property tax, but rather a sales and use tax levied pursuant to title 26, chapter 74, subchapter 2 of the Arkansas Code (Repl. 1997 Supp. 2005), dedicated to construction, capital improvements and operations of hospital facilities in Pike County, including the Pike County Memorial Hospital. My inquiries reveal that the hospital is publicly owned, operated under the direct supervision of its board of directors, and directly employing one attending physician as well as a weekend emergency-room physician retained through a staffing firm.
RESPONSE
In my opinion, given the factual background recited above, the county could advance to the hospital general revenues not pledged to another purpose. I believe the issue of reimbursing the county from tax revenues is somewhat more complicated. On the one hand, a voter reading the ballot might reasonably presume that the tax revenues will be used on a going-forward basis to defray future operational costs of the hospital. On the other hand, so long as the funds advanced by the county are in fact used to fund hospital operations, a reviewing court might conclude that reimbursing the county from tax revenues would not constitute an unlawful diversion of tax revenues from their intended purpose in violation of Ark. Const. art. 16, § 11. In the absence of legislative or judicial guidance, I am unable to opine one way or the other on this issue. However, I believe a court might well be influenced in its disposition of this question by the fact that the advance of funds would apparently cover only a period of a month or two before tax revenues to fund hospital operations become available.
Based upon the factual background recited above, it appears that Pike County Memorial Hospital is both publicly owned and publicly operated. An advance of undedicated county revenues to fund the hospital's operations would consequently not offend the provisions of Ark. Const. arts. 12, § 5 and 16, § 1, which prohibit the diversion of public funds to a private entity except in the context of a contract supported by adequate consideration.[1] See Ark. Op. Att'y Gen. No. 2005-205
(discussing in detail the circumstances under which the Arkansas Supreme Court has concluded a city or county might provide grants to other entities). I consider it beyond question that providing hospital services to county residents is a permissible exercise of county government. Amendment 55 to the Arkansas Constitution provides that the quorum court may exercise "local legislative authority not denied by the Constitution or by law." Ark. Const. amend. 55, § 1(a). Subsection14-14-801(b)(10) of the Code (Repl. 1998) further authorizes any county, acting through its quorum court, to "[p]rovide for any service or performance of any function relating to county affairs." Specifically with respect to the issue raised in your request, A.C.A. §14-14-802(b)(2(E)(iii) (Repl. 1998) expressly authorizes a county to provide "[p]ublic health and hospital services." Assuming the advance would be made from funds not expressly pledged to another purpose, I believe a reviewing court would deem it unobjectionable.[2]
I am less certain, however, whether the sales and use tax at issue could be used to reimburse the county for advances issued to defray the hospital's current operating expenses. A county's power to authorize a tax on the sale of goods or services falls within the category of powers which require state delegation. In this regard, A.C.A. § 14-14-806(1) (Repl. 1998) provides in pertinent part:
Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following powers, unless the power is specifically delegated by the General Assembly:
(1) The legislative power to authorize a tax on income or the sale of goods and services. . . .
Subsection 26-73-103(g) of the Code (Repl. 1997) further provides:
Until otherwise authorized by the General Assembly, cities and counties shall have no authority to levy any new sales or use taxes after April 1, 1977.
The levying ordinance in this case, Pike County Ordinance No. 2006-19, recites as the authorizing legislation for the tax title 26, chapter 74, subchapter 2 of the Arkansas Code.[3] Subsection 26-74-207(a)(1) (Supp. 2005) provides:
The county quorum courts may call an election for the levy of a countywide sales and use tax in the amount of one-eighth of one percent (0.125%), one-fourth of one percent (0.25%), one-half of one percent (0.50%), three-fourths of one percent (0.75%), one percent (1%), or any combination thereof.[4]
This statute, then, expressly authorizes the levy of a 3/8 cent sales and use tax, which comprises a combination of the recited 1/8 percent and 1/4 percent taxes. The ballot, echoing language contained in the levying ordinance, recites the following as the intended use of tax revenues:
(a) to assist in the acquisition, construction, improvement, renovation, expansion, equipping, furnishing, operation and maintenance of hospital and related health care facilities, including particularly, without limitation, the Pike County Memorial Hospital which is owned by the County and (b) to pay and secure the repayment of bonds approved by the voters and issued from time to time by the County to finance hospital and related health care facilities, including particularly, without limitation, the Pike County Memorial Hospital.
As reflected in this excerpt, the prospect of using tax revenues to pay an advance was not explicitly communicated to the voters in the levying ordinance or ballot title, which simply characterized the proposed tax as dedicated, inter alia, to financing hospital operations. The question arises, then, whether using tax revenues to repay an advance might constitute a diversion of revenues in derogation of Ark. Const. art. 16, § 11, which provides:
No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
Not being acquainted with all of the facts, I am unable to opine unequivocally whether reimbursing an advance of the sort proposed in your request would constitute a diversion of funds of the sort prohibited by Article 16, § 11. I have found no case law addressing the issue of whether a tax to fund operations might be applied retroactively to defray operations expenses when the levying ordinance or the ballot does not expressly authorize such a use. As noted above, I believe a reasonable voter might well assume that his vote in support of the tax was to fund operations on a going-forward basis from the time tax revenues were collected. I will note, however, that a finder of fact might conclude that, to the extent that an advance would be used exclusively to fund hospital operations, repaying that advance with tax revenues would not violate a voter-approved condition that tax revenues be used exclusively to finance the hospital's operations. A court ruling on this issue might further be influenced both by the fact that the repayment of advances already expended covered only a brief period of one to two months and by the fact that the reimbursed expenses covered only a period following the voters' approval of a tax to fund operations.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Article 12, § 5 provides:No county . . . shall obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.Article 16, § 1 further provides:Neither the State nor any city, county, town or other municipality in this State shall ever lend its credit for any purpose whatever; nor shall any county, city or town or municipality ever issue any interest bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the indebtedness existing at the time of the adoption of the Constitution of 1874, and the State shall never issue any interest-bearing treasury warrants or scrip.An exception to the proscription against publicly funding a private nonprofit corporation was created in 1942 with the adoption of Ark. Const. amend. 32, which authorizes county voters to approve an ad valorem property tax up to one mill to support the maintenance and operation of a county hospital "whether such hospital be operated by such county . . . or by a benevolent association as the agent or lessee of such county. . . ." As noted above, the Pike County voters have in the past reportedly approved such a tax to support hospital operations. The sales and use tax at issue in your request is apparently intended to supplement this property tax.
[2] With respect to undedicated revenues, it is well established that a tax enacted or approved by the people without a statement of purpose is valid and may be appropriated for any general purpose. Western Foods, Inc. v. Weiss, 338 Ark. 140, 150-51, 992 S.W.2d 100 (1999); accord Oldner v. Villines, 328 Ark. 296, 305, 992 S.W.2d 100 (1997).
[3] Various other provisions of the Code also authorize a county to impose a sales and use tax. See, e.g., A.C.A. §§ 26-74-301 et seq. (Repl. 1997 Supp. 2005); and 26-74-401 et seq. (Repl. 1997 Supp. 2005). Like the legislation at issue in your request, these alternative subchapters authorize using the tax proceeds in any manner that the county's general funds might be used. A.C.A. §§ 26-74-201(c)(2);26-74-301(c)(2); and 27-74-402. In addition, A.C.A. § 26-73-113 (Repl. 1997) authorizes a county to levy an alternative sales and use tax in lieu of the tax authorized to defray bonded debt under A.C.A. §14-164-327 (Supp. 2005). Among the authorized uses of this alternative tax is to "[f]inance the operation, maintenance and/or rental expense of capital improvements . . .," A.C.A. § 26-73-113(a)(2)(A) — a mandate that, subject to any pertinent constitutional restrictions, might support expenditures of the sort contemplated in your question.
[4] The phrase "or any combination thereof" was added to this statute by Acts 2001, No. 1560, § 5.