Michael A. OLDNER *v.* The Honorable F.G. VILLINES, III,
County Judge of Pulaski County; Arkansas Quorum Court
Members, Bart Moreland, Sidney Newcomb, Tom Alexander,
John Pagan, Sr., Wilandra Dean, James L. Wise, Robert
Keltner, Annette McCaleb, Mary L. Williams, Johnnie Lee
Mass, Lawrence Goddard, Dianne Hudson, Harold Fortson,
Charles F. Roberson, John Hall; County Treasurer, Pat Tedford;
and State of Arkansas

96-372                                                943 S.W.2d 574

Supreme Court of Arkansas
Opinion delivered April 28, 1997

Nichols, Wolff, Ledbetter & Campbell, by: H. Gregory Campbell and Mark W. Nichols, for appellant.

Pulaski County Attorney's Office, by: Nelwyn Davis and Stephen Cobb, for appellees.

ROBERT L. BROWN, Justice. This appeal raises the question of whether a one percent sales tax approved by the voters of Pulaski County in 1982 failed to comply with Article 16, § 11, of the Arkansas Constitution and, thus, constituted an illegal exaction. In particular, the plaintiff/appellant in the matter, Michael A. Oldner, complained that the ballot form violated the Arkansas Constitution by not informing the voters of Pulaski County of the "purpose" of the tax. The chancellor dismissed the matter on the basis that Article 16, § 11, does not require the purpose of the tax to be stated in the ballot or county ordinance calling for the election when the sales tax is to be used for general purposes. We affirm the dismissal by the chancellor.

Appellant Oldner is a resident and taxpayer in Pulaski County. On July 7, 1995, Oldner filed an amended complaint against the Pulaski County Judge, the members of the Pulaski County Quorum Court, and the State of Arkansas (the appellees) and asserted that a one percent sales tax levied against the residents of Pulaski County in 1982 constituted an illegal exaction in that the ballot did not state the object of the tax as required by Ark. Const. art. 16, § 11.[1] Furthermore, he asserted that the ballot did not inform voters that cities in Pulaski County would be receiving a per capita share of the tax revenues collected. The ballot form for the 1982 election, as taken from Pulaski County Ordinance No. 81-OR-71, which called the sales tax election, read as follows:

---

[1] Oldner's original complaint had alleged an illegal exaction based upon a tax that exceeded the one-half-of-one-percent limit set forth in Ark. Const. art. 16, § 9. Following this court's decision granting rehearing in the Foster case, Oldner admitted that the decision was dispositive of this claim. See Foster v. Jefferson County Quorum Court, 321 Ark. 105, 901 S.W.2d 809 (1995), supp. op. granting reh'g, 321 Ark. 116-A, 901 S.W.2d 809 (1995).

"FOR ADOPTION OF A ONE PERCENT (1%) SALES TAX WITHIN PULASKI COUNTY"

"AGAINST ADOPTION OF A ONE PERCENT (1%) SALES TAX WITHIN PULASKI COUNTY"

The ballot form is precisely the form authorized by Act 991 of 1981, now codified at Ark. Code Ann. §§ 26-74-301 to -314 (1987 and Supp. 1995). Oldner had previously moved for class certification.

The State answered the amended complaint and denied that the ballot did not state the object of the tax or that the sales tax constituted an illegal exaction. The State affirmatively pled failure to set forth facts upon which relief can be granted. The county officials moved to dismiss the amended complaint and Oldner's motion for class certification. The county officials asserted that the sales tax was a lawful delegation to the counties of the State's power to tax and, thus, was not a county tax. The county officials further asserted grounds for dismissal based on *res judicata*, collateral estoppel, laches, and failure to state facts upon which relief can be granted. Oldner countered in his response that the ballot form violated the Arkansas Constitution by not stating the object of the tax and denied that the doctrines of *res judicata* and collateral estoppel applied. Oldner attached to his brief in support of his response Pulaski County Ordinance No. 81-OR-71 (calling for the sales tax election) and an election ballot from Miller County, which he contended did comply with constitutional mandates. The county officials answered Oldner's response by stating that the ballot for the sales tax at issue had complied with Act 991 of 1981, which authorized counties to levy a one percent sales tax for general purposes.

Oldner next moved for summary judgment, again for the reason that the ballot failed to set forth the object of the tax and, therefore, was unconstitutional. He attached Pulaski County Ordinance No. 81-OR-71 (calling for the sales tax election), Pulaski County Ordinance No. 82-OR-12 (levying the one percent sales tax following the election), and the Miller County election ballot. He also attached the allocation of the sales tax proceeds to municipalities in Pulaski County.

A hearing was held on the various motions. The county officials urged the chancellor that if the sales tax was to raise revenues for general usage, that purpose did not have to be stated in the ballot. According to county officials, only if the tax was for a specific purpose did that purpose have to be identified under the Arkansas Constitution. Oldner responded that a purpose, whether general or specific, was required to be stated in the ballot. The chancellor granted the motion to dismiss filed by the county officials, which was joined by the State, and her order of dismissal read in pertinent part:

> After reviewing the record, considering the briefs of counsel, and hearing oral argument on the pending motion, the Court finds, adjudges, and orders as follows:
>
> 1. This case is not barred by res judicata.
>
> 2. [Defendants'] consolidated motion to dismiss is granted for failure to state facts upon (sic) relief can be granted.
>
> 3. Article 16 § 11 of the Arkansas Constitution does not require the purpose of the sales tax to be stated in the ballot or Ordinance No. 81-OR-71 where the sales tax is to be used for general purposes. Only where the sales tax is to be used for other than general purposes does Article 16 § 11 require the ballot and ordinance to state the purpose or intended use of the tax.
>
> 4. Distribution of tax proceeds to political subdivisions other than the levying body need not be stated in the ballot or ordinance No. 81-OR-71 where the sales tax is to be used for the general purposes of that political subdivision.

## I.   Order of Dismissal

The sole issue on appeal is whether the chancellor erred in dismissing Oldner's complaint under Ark. R. Civ. P. 12(b)(6). We first must consider whether the chancellor's order was in fact a 12(b)(6) dismissal or a grant of summary judgment. When considering a Rule 12(b)(6) motion, the trial court must treat the facts as true and view them in the light most favorable to the party who filed the complaint. *Little Rock Cleaning Systems, Inc. v. Weiss*, 326 Ark. 1007, 935 S.W.2d 268 (1996); *Neal v. Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994); *Wiseman v. Batchelor*,

315 Ark. 85, 864 S.W.2d 248 (1993). The trial court must not look beyond the complaint unless the court treats the motion as one for summary judgment. *Little Rock Cleaning Systems, Inc. v. Weiss, supra; Deitsch v. Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992). Moreover, the court must not lend consideration to factual conclusions reached through the arguments of counsel and exhibits. *Guthrie v. Tyson Foods*, 285 Ark. 95, 685 S.W.2d 164 (1985). Furthermore, the court may not base its decision on allegations contained in briefs and exhibits. *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989).

██ The chancellor's final order states that she reviewed the record and considered the briefs and arguments of counsel in reaching her decision. Nevertheless, it is clear that the chancellor conducted the hearing as a Rule 12(b)(6) hearing, referencing more than once that the allegations of fact in the amended complaint were to be taken as true. *See Little Rock Cleaning Systems, Inc. v. Weiss*, 326 Ark. at 1010-11, 935 S.W.2d at 270; *Battle v. Harris*, 298 Ark. at 244, 766 S.W.2d at 432. A Rule 12(b)(6) decision is also evident on the face of the order. Furthermore, the chancellor specifically declined to hear a laches argument because she believed the topic more appropriate for a hearing on summary judgment because it was a "factual issue." We will treat the order as a dismissal under Rule 12(b)(6).

## II. Illegal Exaction

On the merits, Oldner's argument concerning a required statement of an "object" in the ballot for the sales tax is straightforward, and his appeal must necessarily turn on this court's interpretation of Article 16, § 11, of the Arkansas Constitution. That section reads:

> No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.

Ark. Const. art. 16, § 11. Oldner argues that this section must be given its plain and normal meaning and that the trial court inap-

propriately carved out an unconstitutional exception when the tax is to be used for general purposes.

■ Oldner is correct in urging that when the language of the constitution is plain and unambiguous, each word must be given its plain, obvious, and common meaning. *Brown v. City of Stuttgart,* 312 Ark. 97, 847 S.W.2d 710 (1993); *Snyder v. Martin,* 305 Ark. 128, 806 S.W.2d 358 (1991); *Bishop v. Linkway Stores, Inc.,* 280 Ark. 106, 655 S.W.2d 426 (1983). Using this standard, we initially question whether the "law imposing the tax" as required in Article 16, § 11, is the ballot submitted to the voters or the ordinance calling for the election (No. 81-OR-71), as Oldner maintained and as the chancellor apparently accepted. This issue was not addressed by the parties on appeal, but it would seem that the appropriate law imposing the tax is the levying ordinance by Pulaski County — No. 82-OR-12 — and not the ordinance calling the election, which was No. 81-OR-71. *See Sanders v. County of Sebastian,* 324 Ark. 433, 922 S.W.2d 334 (1996). Ordinance No. 82-OR-12, however, was not the subject of Oldner's complaint.

■ We have recognized recently that a local tax is not valid unless it is levied by the proper local authorities. *See Price v. Drainage Dist. No. 17,* 302 Ark. 64, 787 S.W.2d 660 (1990). In the instant case, the levying ordinance is No. 82-OR-12. The State and county officials suggested in the hearing before the chancellor that the operable law was Act 991 of 1981, which enabled and authorized counties to levy a one percent sales tax with the ballot form used in the instant case. But regardless of whether the law imposing the tax is Ordinance No. 82-OR-12 or Act 991, Oldner failed to sue or obtain a ruling with respect to either. This deficiency alone could well be grounds for dismissal. Be that as it may, we choose to go forward under these unique facts where the constitutionality of the sales tax is challenged and address the issue of whether the ballot violated Article 16, § 11, by failing to identify an object of the tax.

■ ■ The appellees contend, in support of affirmance, that Article 16, § 11, does not apply to tax levies by municipal corporations. We disagree and take this opportunity to clarify the

law on this point. Under Article 2, § 23, of the Arkansas Constitution, the framers of the constitution expressly conceded to the State the right to tax its citizens through the General Assembly. *City of Little Rock v. Waters*, 303 Ark. 363, 797 S.W.2d 426 (1990). In turn, the General Assembly has within its power the ability to delegate taxing authority to municipal corporations. Ark. Const. art. 2, § 23; *City of Lowell v. M & N Mobile Home Park, Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996); *Little Rock v. North Little Rock*, 72 Ark. 195, 79 S.W. 785 (1904). When a municipal corporation acts within its delegated taxing authority, its ordinance is the equivalent of an Act of the General Assembly. *Lowell v. M & N Mobile Home Park, Inc., supra*. Counties have long been recognized as municipal corporations. *Pulaski County Municipal Court v. Scott*, 272 Ark. 115, 612 S.W.2d 297 (1981); *Roberts v. Watts*, 263 Ark. 822, 568 S.W.2d 1 (1978); *City of Hot Springs v. Gray*, 215 Ark. 243, 219 S.W.2d 930 (1949); *Eagle v. Beard*, 33 Ark. 497 (1878).

It is true that in 1931, this court held that Article 16, § 11, had no application to municipal corporations. *See Shepherd v. Little Rock*, 183 Ark. 244, 35 S.W.2d 361 (1931). In *Shepherd*, the issue was whether the City of Little Rock could levy a license tax on practicing attorneys and be consistent with the constitution. Although the *Shepherd* opinion does not mention the specific argument put forth by the attorneys, this court rejected the argument that Ark. Const. art. 16, § 11, decided the issue and did so in summary fashion:

> We think this section has no application to municipal ordinances. This section is found in the article of the Constitution on finance and taxation. A number of sections in this article refer specifically to counties and municipalities, and, when the whole article is considered as it must be in order to arrive at a proper interpretation of the section involved, we think it clear that this section does not apply to municipal corporations.

*Shepherd v. Little Rock*, 183 Ark. at 253-54, 35 S.W.2d at 365.

While the *Shepherd* case has not been expressly overruled, it has certainly been overruled by implication, as this court has in recent years, on more than one occasion, discussed the

applicability of Article 16, § 11, to municipal corporations. *See, e.g., Hasha v. City of Fayetteville,* 311 Ark. 460, 845 S.W.2d 500 (1993), *reh'g denied,* 311 Ark. 476-A, 847 S.W.2d 41 (1993); *Hartwick v. Thorne,* 300 Ark. 502, 780 S.W.2d 531 (1990), *reh'g denied,* 300 Ark. 512-A, 780 S.W.2d 531 (1990); *Ragan v. Venhaus,* 289 Ark. 266, 711 S.W.2d 467 (1986); *Bell v. Crawford County,* 287 Ark. 251, 697 S.W.2d 910 (1985). In *Hasha,* for example, we held that a one percent sales tax approved by the voters of Fayetteville was an illegal exaction because the purpose of the approved tax was inextricably linked to the issue of school district bonds, and the tax could not be used to finance the bonds. In the *Hasha* opinion, we specifically referred to Article 16, § 11, as being applicable to the case. Similarly, in *Hartwick v. Thorne, supra,* we applied the mandates of Article 16, § 11, when funds from a bond issue for a drainage canal approved by the voters of North Little Rock were diverted for curbing and guttering improvements, and we affirmed the chancellor's finding of an illegal exaction. To the same effect is *Bell v. Crawford County, supra.* We, therefore, must conclude that the holding in *Shepherd v. Little Rock,* 183 Ark. 244, 35 S.W.2d 361 (1931), relating to the application of Article 16, § 11, to municipal corporations has been overruled by the subsequent cases referenced above.

We turn then to the issue of whether the sales tax ballot at issue in this case violated Article 16, § 11. We conclude that it did not. Counsel for the county officials and the State urged at oral argument that the words *object* and *purpose* used in Article 16, § 11, are not used synonymously. According to counsel the *object* of the tax is a tax on sales, and the *purpose* of the tax is to raise money for general purposes. Only the *object* need be included on the ballot, according to appellees' counsel. While this argument has some appeal, when we review the definitions in BLACK'S LAW DICTIONARY, the two terms appear to be synonymous:

> OBJECT, n. End aimed at, the thing sought to be accomplished; the aim or purpose, the thing sought to be attained.

> PURPOSE. That which one sets before him to accomplish or attain; an end, intention, or aim, object, plan, project. Term is *synonymous* with ends sought, an object to be attained, an intention, etc.

BLACK'S LAW DICTIONARY 1072, 1236 (6th ed. 1990) (emphasis added).

We believe, however, that the intent of Article 16, § 11, can be garnered from the express language of the section. We quote it again for ease of reference:

> No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.

Ark. Const. art. 16, § 11. If we were to stop reading section 11 at the semicolon, we might agree with Oldner's interpretation. But reading the section in its entirety and using the words *object* and *purpose* interchangeably, the express intent of section 11 is for the object to be stated so that the tax revenues cannot be shifted to a use different from that authorized. Indeed, it is the use of the funds for a different purpose that we have held to be an illegal exaction in the past. *See, e.g., Hartwick v. Thorne, supra; Bell v. Crawford County, supra.* When explaining what constituted the illegal exaction in *Hartwick v. Thorne, supra,* we said:

> The city may have been acting in the utmost good faith — nevertheless, it tried to appropriate monies arising from taxes for purposes other than the *objective* which caused the citizens to approve the bond issue.

300 Ark. at 509, 780 S.W.2d at 534 (emphasis added).

Thus, it is not the mere absence of an object in the law imposing the tax that constitutes the illegal exaction, and Oldner has cited us to no case where we have so held. When a tax is enacted by the General Assembly or approved by a vote of the people without the statement of a purpose, the resulting revenues may be used for general purposes. We fail to see how the voting public could be misled on this point. It is only when a diversion of tax revenues occurs from a specific purpose that has been authorized to an unauthorized purpose that an illegal exaction occurs. We have no doubt that that is the evil sought to be remedied by Article 16, § 11.

We hold that the failure to state an object for the tax in and of itself does not constitute an illegal exaction under Article

16, §§ 11 and 13. It is the use of tax revenues for an unauthorized purpose that does. In the instant case, the object of the tax was not stated, which meant the tax funds could be used for general purposes and were not limited to a specific purpose. Because Oldner's facts do not state a cause of action for illegal exaction under Article 16, §§ 11 and 13, we affirm the dismissal of his complaint by the chancellor.

Affirmed.

NEWBERN, J., concurs.

DAVID NEWBERN, Justice, concurring. The first portion of the majority opinion concludes that Michael A. Oldner, the plaintiff in the Trial Court, did not state facts upon which relief could be granted because he did not attack a "law imposing a tax." I thoroughly agree with that conclusion. Obviously, the failure to state the object of a tax on a ballot does not violate Ark. Const. art. 16, § 11. The majority opinion should end with that statement. Instead, it unnecessarily goes forward into a tortured interpretation of the Constitution with which I thoroughly disagree.

Article 16, § 11, states:

> No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.

The majority opinion allows that the only evil addressed by that section is the one stated in the phrase prohibiting the use of moneys arising from a tax levied for one purpose for another purpose. The ultimate conclusion is that the first phrase of § 11 is meaningless. That conclusion is reached despite the majority's correct statement, supported by proper citations, that "Oldner is correct in urging that when the language of the constitution is plain and unambiguous, each word must be given its plain, obvious, and common meaning." To me, it is apparent that there are two distinct thoughts expressed in § 11. They are even separated by a semicolon and a conjunction. I am unwilling to ignore either of them.

When we go far beyond that which is necessary to decide litigation, even overruling precedent in the process, we encounter the danger of saying way too much and being sorry later. We will regret this decision that effectively nullifies the requirement that the object of a tax be stated in the law imposing it.