Charles MAAS *v.* CITY of MOUNTAIN HOME

98-1337                                                    992 S.W.2d 105

Supreme Court of Arkansas
Opinion delivered June 17, 1999

*Nichols & Campbell, P.A.*, by: *H. Gregory Campbell*; and *Richard S. Paden*, for appellants.

*Johnson, Sanders & Morgan*, by: *Roger L. Morgan*, for appellees.

LAVENSKI R. SMITH, Justice. This is an illegal-exaction case. Appellants, Citizens of Mountain Home, Arkansas, contend Mountain Home ("The City"), appellees herein, violated Article 16, Section 11, of the Arkansas Constitution by using sales-tax proceeds contrary to exclusive uses contained in City Ordinance No. 646. We agree and reverse.

On April 9, 1981, the City passed Ordinance No. 646, which levied a one-cent sales tax. The following month, the City conducted a special election wherein the voters could approve or reject the proposed tax. Prior to the election, on April 23, 1981, the City published the full text of Ordinance 646 in the *Baxter Bulletin*, the newspaper of record for Baxter County. The ordinance contained the following title:

ORDINANCE 646

An ordinance levying a local sales (gross receipts) tax; calling of a special election on the question of levying such tax; designating a

ballot title for use at such election; specifying the use of proceeds of such tax, providing for rebate; and for other purposes.

In addition to its prefatory clauses, the ordinance contained twelve numbered sections detailing its provisions. Sections two, five, and seven are the focus of this appeal. They provided as follows:

### SECTION 2. TAX IMPOSED — RATE

There is hereby levied a local sales (gross receipts) and use tax at the rate of one (1%) percent of the receipt from the sale at retail within the City of all items which are subject to taxation under the Arkansas Gross Receipts Tax Act of 1941, Act 386 of the 1941 Acts of Arkansas, as said Act has been heretofore or may be hereinafter amended, and under the Arkansas Compensating Tax Act of 1949, Act 487 of the 1949 Acts of Arkansas, as said Act has been heretofore amended, and by Act 990 of 1975 as amended by Act 133 of 1981.

### SECTION 5. BALLOT PRESENTATION AND BALLOT FORM

The ballot presentation and title shall be in the following form:

"Shall there be levied a local sales (gross receipts) and use tax at the rate of one percent (1%) on the receipt from the sale at retail within the corporate limits of the City of Mountain Home of all items which are subject to taxation under the Arkansas Sales Tax Act; (Arkansas Gross Receipts Tax Act of 1941, Act 386 of the 1941 Acts of Arkansas), as said Act has been heretofore or may be hereinafter amended, and under the Arkansas Use Tax Act (Arkansas Compensating Tax Act of 1949, Act 487 of the 1949 Acts of Arkansas), and pursuant to Act 990 of 1975 as amended by Act 133 of 1981, as said Acts have been heretofore or may be hereinafter amended?"

"*For* adoption of a one percent (1%) local sales and use tax within the City. . . (   )"

"*Against* adoption of a one percent (1%) local sales and use tax within the City . . . . (   )"

SECTION 7. DESIGNATION OF RECEIPTS

Revenues received from the collection of such tax in the 1981 calendar year shall be used exclusively for streets.

Revenues received from the collection of such tax after January 1, 1982, shall be distributed as follows:

(I)  47.00% not to exceed THREE HUNDRED AND FIFTY THOUSAND DOLLARS per annum shall be deposited in a special fund to be used exclusively for water and sewer improvements; and

(II)  8.00% not to exceed SIXTY THOUSAND DOLLARS per annum shall be deposited in a special fund to be used exclusively for payment upon bonds to be issued for a new swimming pool; and

(III)  45.00% or the balance shall be deposited in a special fund to be used exclusively for streets and drainage.

The voters approved the tax on May 5, 1981. Following the election, the city council spent the tax proceeds in accordance with Section 7 in succeeding years until 1987. Beginning that year and each subsequent year, the council voted to amend section 7 of the ordinance and use the proceeds for purposes other than originally designated.

Appellants filed suit on January 10, 1996, contending the City had misapplied public funds in violation of Art. 16, § 13, of the Arkansas Constitution. The City answered on January 26, 1996, denying that any illegal exaction occurred. Following discovery, class certification, and various amended pleadings, the parties filed stipulations of fact on July 8, 1998. They mutually submitted the matter to the court for summary judgment on the issue of liability. The trial court granted appellee's summary-judgment motion on August 3, 1998. In its order, the court found that the ballot title in the 1981 election contained no specified uses for funds collected by the tax. Thus, upon voter approval, the measure created a general sales and use tax which could be used for general purposes. The City's subsequent use of

revenue for purposes other than as specified in Section 7 were deemed permissible resulting in no illegal exaction.

## Standard of Review

The trial court used summary judgment to resolve this case in that the parties filed with the court stipulated facts thereby leaving no issues of fact for trial. Motions for summary judgment are governed by Ark. R. Civ. P. 56, which provides that a party may move with or without supporting affidavits for a summary judgment upon all or any part of a claim. A summary judgment should be granted only when it is clear that there is no issue of fact to be litigated. *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998); *Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 824 S.W.2d 387 (1992). There are no facts in dispute.

## Illegal Exaction

The gravaman of appellant's appeal is his contention that the City's shifting of tax revenue to uses other than those specified in Section 7 of its levying ordinance constitutes an illegal exaction in violation of Article 16, § 11, of the Arkansas Constitution. Article 16, § 11, provides:

> No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no monies arising from a tax levied for one purpose shall be used for any other purpose.

In support of this contention, Maas relies upon Ark. Code Ann. §§ 26-75-307 — 26-75-309 (1975), which requires voter approval for the implementation of a local sales and use tax. Appellant also relies upon our recent holding in *Daniel v. Jones*, 332 Ark. 489, 966 S.W.2d 226 (1998).

In *Daniel*, we dealt with a very similar argument with respect to a county's obligation to apply sales-tax proceeds consistent with the purposes stated on the election ballot voters used to approve the tax. We held that "the voters of White County were entitled to rely upon the information provided to them in the levying

ordinance and the ballot when casting their votes; hence, any use of the revenues for purposes other than those provided constitutes an illegal exaction." *Id.* at 500. The instant case differs from *Daniel* in that while the levying ordinance (646) contained specific restrictions on permissible uses, the ballot title contained none.

Appellee contends that the absence of specific restrictions in the ballot title made the sales tax a general-purpose tax that could be used for any legitimate government purpose regardless of the restrictions contained in the levying ordinance. Appellee cites language in *Daniel* and *Arkansas-Missouri Power Corp. v. City of Rector*, 214 Ark. 649, 217 S.W.2d 335 (1949), to the effect that the ballot title is the final word of information and warning to which the electors had the right to look.

Additionally, appellees construe the case of *Oldner v. Villines*, 328 Ark. 296, 943 S.W.2d 574 (1997), to say that the ballot question alone controls the authorized purpose of the tax, and that only an unauthorized purpose is forbidden by the Constitution. They argue since the ballot itself contained no specific purpose the revenues generated by the tax were thus general-purpose revenues and susceptible to discretionary spending by the council. The trial court accepted appellee's argument and ruled accordingly.

A careful review of *Daniel*, *Oldner*, the applicable statutes, and the constitution compel us to a contrary conclusion. We disagree with appellee's characterization of our holdings in *Oldner* and *Daniel*. In *Oldner*, neither the ballot title nor the levying ordinance stated the purpose of the tax. This case differs significantly in that the levying ordinance in Section 7 contains very specific and exclusive purposes for the tax revenue.

Likewise, this case also differs from *Daniel* in that while specific restrictions were in the levying ordinance, none were on the ballot. In *Daniel*, the purposes were stated in both the ordinance and on the ballot. The instant case presents us with the new question of whether specific, exclusive purposes stated within the levying ordinance are sufficient to prohibit contrary uses in the absence of any specific limitation stated on the ballot. We hold,

consistent with our rulings in *Oldner* and *Daniel*, that the voter is entitled to rely upon both the levying ordinance and the ballot title. Publication of the ordinance in its entirety informed the city's electorate about each and every provision contained within it. In circumstances such as here, where the city's citizens voted approving a levying ordinance containing specific, exclusive purposes, the absence of those exclusive purposes from the ballot did not transform the levying ordinance into a general-purpose sales tax. The ballot is the "final word" to the voters only in the sense that it is the last source of information, not in the sense that it is conclusive of the measure's effects. It must be read in conjunction with the levying ordinance.

Appellees argue that only Section 2 of the ordinance levied the tax. They also argue that Section 3 of the ordinance, which called for the election, referenced only Section 2 and contained no use limitation; nor did the ballot presentation and ballot form found in Section 5 contain the limitations. However, appellee fails to read the ordinance as a whole, which would require it to read Section 7 and its exclusive-use provisions as an integral part of the levying ordinance.

■ Therefore, we hold the trial court erred in finding that the City's use of sales-tax revenue for purposes other than those specified in Section 7 of the levying ordinance was not an illegal exaction. We reverse and remand for the trial court to address the issue of damages.

Reversed and remanded.