The Honorable Randy Laverty State Senator P.O. Box 165 Jasper, AR 72641
Dear Senator Laverty:
I am writing in response to your request for my opinion on the following question, which you have submitted on behalf of the Superintendent of Schools for the Deer School District:
 Following an approved vote to restructure a school's millage which eliminates mills for dedicated maintenance and operation millage (Capital Outlay/Current Expenditures), may a school district transfer "carryover" funds from the eliminated category to the operation fund category?
RESPONSE
In my opinion, the answer to this question is "no."
As part of the legislation implementing Ark. Const. amend. 74, A.C.A. § 26-80-204(18) lists various categories of millage that might be credited against the 25-mill uniform rate of tax that Amendment 74 mandates be devoted in each school district to maintenance and operation of the schools. However, since the enactment of this legislation, various of these credits have come under constitutional scrutiny. As I discussed at length in Ark. Op. Att'y Gen. No. 2003-031, which I issued in response to a series of questions by you, the Arkansas Supreme Court held in LakeView School District No. 25 v. Huckabee, 351 Ark. 31, 86-89,91 S.W.3d 472 (2002) that Amendment 74 precludes crediting excess debt service millage against the mandatory 25-mill uniform rate of tax devoted to maintenance and operation of the schools. Subsequently, I opined that two of the remaining three statutory credits might also be constitutionally suspect, including maintenance and operation millages dedicated to the servicing of revolving loan debt. See Ark. Ops. Att'y Gen. Nos. 2003-014
and 2003-089.
For purposes of answering your question, I need not review the bases for either the court's Lake View decision or my subsequent opinions. I will merely note that various school districts have since scheduled special elections to restructure their millages in order to ensure compliance with the requirements of Amendment 74. As I understand your question, you are asking whether if a district elects to do away altogether with a dedicated maintenance and operation millage, instead approving an increased millage for general maintenance and operations that will unquestionably meet the uniform rate of tax requirement, it can devote to general maintenance and operations any taxes that it has collected but not yet spent for one of the dedicated purposes set forth at A.C.A. § 26-80-204(18).
As noted above, I believe the answer to this question is clearly "no." Regardless of how a district elects to structure its future millages, the fact remains that taxes collected in the past for dedicated maintenance and operation of the schools must be used for the dedicated purpose(s) approved by the voters. See Ark. Const. art. 16, § 11 ("[N]o moneys arising from a tax levied for one purpose shall be used for any other purpose."); Oldner v. Villines, 328 Ark. 296, 305, 943 S.W.2d 574 (1997) ("[W]hen a diversion of tax revenues occurs from a specific purpose that has been authorized to an unauthorized purpose . . . an illegal exaction occurs."). Given these principles, I do not believe a district without voter approval can "carry over" dedicated funds already collected in the manner you propose.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh