The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342-1620
Dear Representative King:
You have requested my opinion on several questions concerning a one-cent sales tax in Phillips County. As background for your questions, you state:
 Phillips County voters passed a one-cent sales tax in 2000. The county receives a share of that tax. The spending of those monies is restricted to police and fire protection, solid waste, parks, and recreation, and road projects. Legal questions have arisen as to the legality of some proposed projects.
You ask:
 1. Can Phillips County enter into an agreement with the City of Lexa to contribute $10,000 of those sale tax [monies] for the purchase of an early warning system for the area?
 2. Can Phillips County spend $10,000 of this money to aid the City of Lexa in the paving of its streets?
RESPONSE
The answers to these questions will depend upon the language of the ordinance by which the one cent sales tax was levied and the ballot title by which it was presented to the electorate. I lack the resources and the authority to construe or interpret such documents, and consequently cannot opine on the legality of the proposed projects. This ultimately requires determining the intent of the local officials involved and the intent of the local electorate, matters that I am not well positioned to address. I will, however, briefly outline the analytical framework for addressing these issues.
Your questions implicate Article 16, Section 11 of the Arkansas Constitution, which provides in pertinent part that "no moneys arising from a tax levied for one purpose shall be used for any other purpose."See also Hartwick v. Thorne, 300 Ark. 502, 506, 708 S.W.2d 531 (1989). In determining the purpose of a tax, the Arkansas Supreme Court has stated:
 [I]t is to the title of the ordinance and the ballot title `that the electors had the right to look to ascertain what they were asked to approve[.]'
Daniel v. Jones, 332 Ark. 489, 501, 966 S.W.2d 226 (1998), quotingArkansas-Missouri Power Corp. v. City of Rector, 214 Ark. 649, 654,217 S.W.2d 335, 337 (1949).
Thus, the purpose of the sales tax, as stated in the levying ordinance and the ballot title, will be determinative of the manner in which the proceeds may be used. The court in Daniel v. Jones went on to state that "[t]he ballot title is the final word of information and warning to which the electors had the right to look as to just what authority they were asked to confer[.]" The "implication and ordinary meaning" of the ballot title will, generally, be controlling. Arkansas-Missouri Power Corp.,supra. The court further noted in Maas v. City of Mountain Home,338 Ark. 202, 208, 992 S.W.2d 105 (1999): "The ballot is the `final word' to the voters only in the sense that it is the last source of information, not in the sense that it is conclusive of the measure's effects. It must be read in conjunction with the levying ordinance."
If the voters' intent is ambiguous, a court might resort to extrinsic evidence to determine whether a particular use of tax revenues is authorized. Cf. Arkansas State Highway Commission v. Mabry,229 Ark. 261, 315 S.W.2d 900 (1958); Mears v. Arkansas State Hospital,265 Ark. 844, 581 S.W.2d 339 (1979); Ark. Op. Att'y Gen. No. 97-260. A court might look at such factors as evidence of the historical context of the measure, contemporaneous conditions at the time of its enactment, consequences of interpretation, and other matters of common knowledge within the limits of its jurisdiction in order to determine whether the voters intended to approve use of the sales tax revenues for the particular projects in question. Id.
It becomes apparent that only a finder of fact could determine whether using the sales tax revenues for the proposed projects referenced in your request would be consistent with the uses authorized by the voters. The language of the ordinance and the ballot title must be reviewed to determine whether the purpose of the tax is stated so as to encompass these projects. Consideration of extrinsic factors may also be necessary in case of ambiguity. The questions are local in nature and must be answered on the local level, perhaps with the assistance of local counsel.
For these reasons, I must decline to opine with respect to the specific projects in question. The foregoing will, however, hopefully be of assistance in addressing the underlying issues.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh