The Honorable Paul Miller State Senator Post Office Box 488 Melbourne, Arkansas 72556-0488
Dear Senator Miller:
I am writing in response to your request for my opinion on the following two questions:
 1. Does the decision in Maas v. City of Mountain Home, 338 Ark. 202 (1999), regarding the use of sales tax collected for purposes other than those set forth in the ordinance calling for an election on the issue, apply to the recommended use of sales tax by Independence County Resolution No. 60-82 (copy enclosed) and collected pursuant to Independence County Ordinance No. 234-82?
 2. If so, is the tax exempt from the requirement that a percentage of the gross revenue from the sales tax be distributed to towns within the county in accordance with their populations?
You have attached to your request only Independence County Resolution No. 60-82, which is captioned as follows: "ARESOLUTION RECOMMENDING THE DISTRIBUTION OF REVENUES DERIVED FROMA ONE CENT COUNTY-WIDE SALES AND USE TAX, SHOULD SAID TAX BEADOPTED BY REFERENDUM BY THE ELECTORS OF INDEPENDENCE COUNTY." The text of the resolution provides as follows:
 SECTION 1. PRIORITIES FOR DISTRIBUTION OF TAX REVENUE. The Quorum Court of Independence County hereby approves and recommends the distribution of revenue derived from the proposed one percent sales and use tax be distributed in the following manner:
 PRIORITY % Share
 County Roads 60% County Fire Departments 12% Law Enforcement 12% Landfill (Solid Waste) 8% Recreation 8%
 • That the equivalent of 1/2 of the 3 Mill Road Tax be returned to the cities and towns in which it is collected.
 • That the County pay the salary of an Investigator in the Sheriff's Office.
 • That the County pay 1/2 of the dispatching service costs in the Sheriff's Office Metropolitan Division.
 • That the County pay costs for housing prisoners from the cities and towns.
 • That the County charge the cities and towns only for their actual proportionate share of Municipal Court costs.
 • That the County provide 6% of revenue designated for recreation to the City of Batesville for the first 2 1/2 years to match a grant for recreation purposes with the balance of the recreation funds (2%) be used for recreation projects determined by a recreation committee of the Quorum Court.
Although you refer in your request to an ordinance pursuant to which the tax was purportedly "collected," you have not provided me a copy of this ordinance. It is unclear whether this ordinance issued prior to the adoption of the resolution or election, or whether either the resolution or the ordinance was published. I further lack a copy of the ballot and am hence unable to determine whether it recited any of the particular uses of tax proceeds set forth in Independence County Resolution No. 60-82.
RESPONSE
In my opinion, the answer to your first question is "no." A resolution is no more than a statement of opinion by the quorum court and is in no sense a binding pronouncement of policy. A.C.A. § 14-14-904(m) (Supp. 2005). The recommendations contained in Resolution No. 60-82 do not qualify as a levying ordinance of the sort at issue in Maas, which mandates that tax proceeds be put to the uses recited in the levying order. Your second question is consequently moot.
Question 1: Does the decision in Maas v. City of Mountain Home,338 Ark. 202 (1999), regarding the use of sales tax collected forpurposes other than those set forth in the ordinance calling foran election on the issue, apply to the recommended use of salestax by Independence County Resolution No. 60-82 (copy enclosed)and collected pursuant to Independence County Ordinance No.234-82?
I believe the answer to this question is "no."
As reflected in the following, Maas v. City of Mountain Home,338 Ark. 202, 992 S.W.2d 105 (1999), stands for the proposition that restrictions on the use of tax proceeds set forth in a levying ordinance will control even if the ballot fails to repeat those restrictions:
 The instant case presents us with the . . . question of whether specific, exclusive purposes stated within the levying ordinance are sufficient to prohibit contrary uses in the absence of any specific limitation stated on the ballot. We hold . . . that the voter is entitled to rely upon both the levying ordinance and the ballot title. Publication of the ordinance in its entirety informed the city's electorate about each and every provision contained within it. In circumstances such as here, where the city's citizens voted approving a levying ordinance containing specific, exclusive purposes, the absence of those exclusive purposes from the ballot did not transform the levying ordinance into a general-purpose sales tax. The ballot is the "final word" to the voters only in the sense that it is the last source of information, not in the sense that it is conclusive of the measure's effects. It must be read in conjunction with the levying ordinance.
Id. at 207-08. In another summary of its holding in Maas, the court declared that "voters were entitled to rely on the language of the levying ordinance, and the absence of the purposes from the actual face of the ballot did not transform the tax into a general-purpose sales tax." Maddox v. City of Fort Smith,346 Ark. 209, 216, 56 S.W.3d 375 (2001).[1] This principle has more recently been restated and extended as follows: "[I]f a purpose for the tax is stated either in the ordinance or in the ballot title, use of the funds for another purpose constitutes an illegal exaction." Williams v. City of Fayetteville,348 Ark. 768, 776, 76 S.W.3d 235 (2002).
In my opinion, the document you have attached to your request does not qualify as a "levying ordinance" setting forth dedicated uses for tax proceeds realized following approval of the tax by the voters. The document is expressly identified in its caption as a "resolution" — a measure that the Code expressly declares serves "merely to express an opinion as to some matter of county affairs."[2] A.C.A. § 14-14-904(m) (Supp. 2005). This statute further provides that "a resolution shall not serve to compel any executive action." Id. In accordance with this definition, Resolution No. 60-82 merely "recommends" a particular distribution of tax proceeds upon voter approval. I have not been informed whether either the levying ordinance or the ballot specified particular uses of tax proceeds and hence am unable to opine on how Maas might bear on these documents.
Question 2: If so, is the tax exempt from the requirement that apercentage of the gross revenue from the sales tax be distributedto towns within the county in accordance with their populations?
This question is moot in light of my response to your previous question. As suggested in my response to your previous question, I cannot opine as to the effect of a particular levying ordinance or ballot without having reviewed the document.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] In Maddox, the court summarized as follows the law regarding illegal exaction action alleging the misuse of tax revenues:
 We have recently addressed illegal-exaction claims under Article 16, § 11, of the Arkansas Constitution. See Maas v. City of Mountain Home, 338 Ark. 202, 992 S.W.2d 105 (1999); Daniel v. Jones, 332 Ark. 489, 966 S.W.2d 226 (1998); Oldner v. Villines, 328 Ark. 296, 943 S.W.2d 574 (1997). In Oldner, neither the county ordinance levying the sales tax nor the ballot title referenced a purpose for which the tax proceeds were to be used. Oldner v. Villines, 328 Ark. 296, 943 S.W.2d 574. We held in that case that, "[w]hen a tax is enacted by the General Assembly or approved by a vote of the people without the statement of a purpose, the resulting revenues may be used for general purposes." Id. at 305, 943 S.W.2d at 579. This case differs from Oldner in that the levying ordinance did specify that the funds collected by the tax would be for "general, municipal and county purposes," although the ballot title did not reflect any particular purpose for the tax.
 The Daniel case presented a reverse image of the fact pattern in Oldner: five specific purposes for the use of tax revenues from a county sales tax were stated in the county ordinance levying the tax and on the ballot. Daniel v. Jones, 332 Ark. 489, 966 S.W.2d 226. This court held that any use of the sales tax revenues for purposes other than those provided in the levying ordinance and on the ballot constituted an illegal exaction in violation of Article 16, § 11, of the Arkansas Constitution. Id.
We also recognized in that case that the voters were entitled to rely upon the information provided to them in the levying ordinance and on the ballot when casting their votes. Id.
 In Maas, the city ordinance levying a one-percent sales tax listed specific restrictions on the use of the tax proceeds, but the ballot contained no specific uses for funds collected by the tax. Maas v. City of Mountain Home, 338 Ark. 202, 992 S.W.2d 105. This court held that, where the city ordinance contained specific, exclusive purposes for the tax and where the ordinance was published in its entirety so as to inform the electorate of its provisions, voters were entitled to rely on the language of the levying ordinance, and the absence of the purposes from the actual face of the ballot did not transform the tax into a general-purpose sales tax. Id.
Accordingly, we concluded that an illegal exaction had occurred where the city used tax revenues for purposes other than those specifically listed in the levying ordinance. Id.
346 Ark. at 215-16.
[2] By contrast, the Code defines a "county ordinance" as follows:
 A county ordinance is defined as an enactment of compulsory law for a quorum court that defines and establishes the permanent or temporary organization and system of principles of a county government for the control and conduct of county affairs.
A.C.A. § 14-14-904(i).