The Honorable Barbara Horn State Senator Post Office Box 64 Foreman, AR 71836-0064
Dear Senator Horn:
I am writing in response to your request for my opinion on the following question:
 May sales and use tax revenue generated by City of Foreman Ordinance No. 241 be used for infrastructure expansion under any of the purposes enumerated in Section 3 of the ordinance?
You have attached to your request two ordinances enacted by the Foreman City Council — the first calling for a municipal sales and use tax to be devoted to specified purposes and the second calling for a special election to approve the tax. You have also attached a copy of the ballot submitted to and approved by the voters. According to your characterization, "[t]he ballot does not enumerate the specific uses for the tax revenue but rather summarizes the uses of the revenue." You report that "[t]he City of Foreman would like to use a portion of the sales and use tax revenue generated by this tax for infrastructure expansion, specifically construction and maintenance of water lines, sewer lines, etc. for an expansion of the city limits of Foreman."
Section 3 of Ordinance No. 241, which levied the sales and use tax at issue, provides as follows:
 That the purpose of this tax shall be according to the following priority list which tax collections are expected by the City Council to be expended:
 (a) one-half for the securing and developing of industry within or near the City, including particularly, without limitation, site development for industry, the buildings, preparing of the environmental studies, acquiring, construction and equipping of streets and roads for industrial sites, acquiring, constructing and equipping of water, sewer and other utilities for industrial sites, and the establishing and operating of local industrial development programs to attract and locate industry within the City;
 (b) the acquisition of rights of way for and constructing, reconstructing, repairing, widening, straightening and paving of streets, including curbing, guttering and drainage improvements in connection herewith;
 (c) police protection, including particularly, without limitation, the expense of employing additional personnel, the acquiring, constructing and equipping of an expansion to the existing jail and the acquisition of police protection equipment;
 (d) the acquiring, constructing and equipping of improvements to the present parks and recreational facilities to the present parks and recreational facilities [sic] owned by the City;
 (e) the maintenance and improvement of all present municipal services.
 That the remaining one-half of the one percent (1%) shall be used to secure professional, economic and industrial development management expertise by contracting for such services with a community based not-for-profit economic and industrial development corporation. Management shall mean economic and/or industrial development planning, marketing, advertising, public relations, supervision and operation of industrial parks or other such properties, negotiation of contracts for the sake or lease of such properties and such other operating expenses as the governing body (City Council) may deem necessary, convenient or appropriate.
Ordinance No. 242, which called for an election to approve the tax levy, contains no corresponding list of prioritized uses for the tax proceeds.
Finally, the substantive provision of the official ballot approved by the voters provides as follows:
 FOR adoption of a 1% local sales and use tax within the City of Foreman, Arkansas; one-half cent to be for various City purposes and one-half cent to be for Industrial Commission projects and expenses. . . .
 AGAINST adoption of a 1% local sales and use tax within the City of Foreman, Arkansas. . . .
RESPONSE
Only a finder of fact acquainted with all the attendant circumstances could answer your question. Absent some ambiguity in the texts of the levying ordinance or the ballot title, the express terms of one or both of those texts will control in determining the permissible uses of the tax revenues at issue. In the event of an ambiguity, a finder of fact might look to extrinsic evidence of the voters' intent in approving the levy. Although in this instance the ballot title fails to recite any specific uses to which tax revenues must be put, the levying ordinance recites a series of proposed uses for the tax revenues. To the extent these proposed uses were intended to be mandatory and exclusive — a conclusion I consider unclear in this case — the city will be restricted to using the revenues only for the purposes recited. I lack both the resources and the authority to determine either whether the recited purposes were intended to be exclusive or whether the proposed project might fall within the scope of one or more of the recited purposes. The ultimate inquiry will entail determining the intent of the local officials involved and the intent of the local electorate in approving the tax — factual matters that I am not well positioned to review. I will, however, briefly outline the analytical framework for addressing these issues.
Your question implicates Article 16, Section 11 of the Arkansas Constitution, which provides in pertinent part that "no moneys arising from a tax levied for one purpose shall be used for any other purpose."See also Hartwick v. Thorne, 300 Ark. 502, 506, 708 S.W.2d 531 (1989). In determining the purpose of a tax, the Arkansas Supreme Court has stated:
 [I]t is to the title of the ordinance and the ballot title `that the electors had the right to look to ascertain what they were asked to approve[.]'
Daniel v. Jones, 332 Ark. 489, 501, 966 S.W.2d 226 (1998), quotingArkansas-Missouri Power Corp. v. City of Rector, 214 Ark. 649, 654,217 S.W.2d 335, 337 (1949). Although the court declared in Daniel that "`[t]he ballot title is the final word of information and warning to which the electors had the right to look as to just what authority they were asked to confer,'" 332 Ark. at 501 (quoting Arkansas-MissouriPower, supra), the court further declared in Maas v. City of MountainHome, 338 Ark. 202, 208, 992 S.W.2d 105 (1999): "The ballot is the `final word' to the voters only in the sense that it is the last source of information, not in the sense that it is conclusive of the measure's effects. It must be read in conjunction with the levying ordinance." In an instance where a levying ordinance sets forth mandatory, exclusive uses for tax revenues, the court in Maas made clear that tax revenues may not be used otherwise even if the ballot title failed to recite the intended uses:
 In circumstances such as here, where the city's citizens voted approving a levying ordinance containing specific, exclusive purposes, the absence of those exclusive purposes from the ballot did not transform the levying ordinance into a general-purpose sales tax.
338 Ark. at 208. In another summary of its holding in Maas, the court declared that "voters were entitled to rely on the language of the levying ordinance, and the absence of the purposes from the actual face of the ballot did not transform the tax into a general-purpose sales tax." Maddox v. City of Fort Smith, 346 Ark. 209, 216, 56 S.W.3d 375
(2001).[1] This principle has more recently been restated and extended as follows: "[I]f a purpose for the tax is stated either in the ordinance or in the ballot title, use of the funds for another purpose constitutes an illegal exaction." Williams v. City of Fayetteville,348 Ark. 768, 776, 76 S.W.3d 235 (2002). In short, then, detailing the specified uses for tax revenues in either the levying ordinance or the ballot title will bind the city to use tax proceeds only for those recited purposes.[2]
As reflected in the factual recitation set forth above, in the present case, the levying ordinance sets forth a "priority list" to which "tax collections are expected to be expended," whereas the ballot contains no such recitation. Under these circumstances, I am unable to opine whether the proposed project would be permissible under the terms of the ordinance. The list of permissible uses for the tax revenues inMaas was extremely explicit, and the levying ordinance in that case was totally unambiguous. The court in Maas consequently had no difficulty in concluding that any variant use of the tax proceeds would amount to an illegal exaction. By contrast, in declaring that "tax collections areexpected to be expended" (emphasis added) on a particular range of projects, the ordinance at issue in your request at least leaves open the possibility that the voters intended that the revenues might be otherwise expended. This question is one of fact that I am neither situated nor authorized to address. Moreover, only a finder of fact could determine whether using the sales tax revenues for the proposed project referenced in your request would be consistent with any or all of the specified uses authorized by the voters. Without parsing the list of "expected" uses in an effort to divine their scope, I will only characterize as factual the question of whether any of these uses might include what you characterize as the proposed use of the tax revenues to fund "construction and maintenance of water lines, sewer lines, etc. for an expansion of the city limits of Foreman."
As regards the intended scope of the levying ordinance, I will note that if the voters' intent is ambiguous, a court might resort to extrinsic evidence to determine whether a particular use of tax revenues is authorized. Cf. Arkansas State Highway Commission v. Mabry,229 Ark. 261, 315 S.W.2d 900 (1958); Mears v. Arkansas State Hospital,265 Ark. 844, 581 S.W.2d 339 (1979); Ark. Ops. Att'y Gen. Nos. 2004-121 and 97-260. A court might look at such factors as evidence of the historical context of the measure, contemporaneous conditions at the time of its enactment, consequences of interpretation, and other matters of common knowledge within the limits of its jurisdiction in order to determine whether the voters intended to approve use of the sales tax revenues for the particular projects in question. Id. Such questions are intensely factual in nature and must be answered on the local level, perhaps with the assistance of local counsel.
For the above reasons, I must respectfully decline to opine with respect to the specific project in question. However, I hope the foregoing will prove of some assistance to you or local counsel in addressing the underlying factual issues.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General.
MB/JHD:cyh
[1] In Maddox, the court summarized as follows the law regarding illegal exaction actions alleging the misuse of tax revenues:
 We have recently addressed illegal-exaction claims under Article 16, § 11, of the Arkansas Constitution. See Maas v. City of Mountain Home, 338 Ark. 202, 992 S.W.2d 105 (1999); Daniel v. Jones, 332 Ark. 489, 966 S.W.2d 226
(1998); Oldner v. Villines, 328 Ark. 296, 943 S.W.2d 574 (1997). In Oldner, neither the county ordinance levying the sales tax nor the ballot title referenced a purpose for which the tax proceeds were to be used. Oldner v. Villines, 328 Ark. 296, 943 S.W.2d 574. We held in that case that, "[w]hen a tax is enacted by the General Assembly or approved by a vote of the people without the statement of a purpose, the resulting revenues may be used for general purposes." Id. at 305, 943 S.W.2d at 579. This case differs from Oldner in that the levying ordinance did specify that the funds collected by the tax would be for "general, municipal and county purposes," although the ballot title did not reflect any particular purpose for the tax.
 * * * In Maas, the city ordinance levying a one-percent sales tax listed specific restrictions on the use of the tax proceeds, but the ballot contained no specific uses for funds collected by the tax. Maas v. City of Mountain Home, 338 Ark. 202, 992 S.W.2d 105. This court held that, where the city ordinance contained specific, exclusive purposes for the tax and where the ordinance was published in its entirety so as to inform the electorate of its provisions, voters were entitled to rely on the language of the levying ordinance, and the absence of the purposes from the actual face of the ballot did not transform the tax into a general-purpose sales tax. Id. Accordingly, we concluded that an illegal exaction had occurred where the city used tax revenues for purposes other than those specifically listed in the levying ordinance. Id.
346 Ark. at 215-16.
[2] A similar conclusion would not apply if the recitation of planned uses for tax revenues were contained only in a resolution, as opposed to a levying ordinance. As I recently remarked in Ark. Op. Att'y Gen. No.2006-103:
 A resolution is no more than a statement of opinion by the quorum court [or a city council] and is in no sense a binding pronouncement of policy. A.C.A. § 14-14-904(m) (Supp. 2005). The recommendations contained in Resolution No. 60-82 do not qualify as a levying ordinance of the sort at issue in Maas, which mandates that tax proceeds be put to the uses recited in the levying order.
In my opinion, City of Foreman Ordinance No. 241, which clearly identifies itself as a levying ordinance in both its title and its text, is clearly a levying ordinance, as opposed to a mere resolution, although there might be some debate regarding whether the city council has irrevocably committed the levied funds only to the specified purposes.